OLIVER H. BOOTH, Respondent, *v.* HANNIBAL SMITH and Another, as Administrators, etc., of JAMES VASSAR HARBOTTLE, Deceased, Appellants.

*Receiver of a partnership — when not appointed on the application of the surviving partner.*

A receiver will not be appointed of the partnership property of a firm, in an action brought by the surviving member thereof to procure an accounting, where the complaint contains no allegation showing any especial necessity for a receiver, and the appointment is opposed by the personal representatives of the deceased co-partner, who have not interfered with the surviving partner in closing up the affairs of the co-partnership, and are willing to allow him to exercise all the rights with which he is clothed by law, and where all the books of account and property of the firm are in his possession.

APPEAL by the defendants, Hannibal Smith and another, as administrators, etc., of James Vassar Harbottle, deceased, from an order of the Supreme Court, made at the Dutchess County Special Term and entered in the office of the clerk of the county of Dutchess on the 30th day of December, 1893, as amended by stipulation, appointing a receiver of the partnership of M. Vassar & Co.

*Smith & Smith,* for the appellants.

*Frank B. Lown,* for the respondent.

DYKMAN, J.:

This is an appeal from an order appointing a receiver of the partnership property of M. Vassar & Co.

The plaintiff is the surviving member of that firm, and this action is brought to procure an accounting between him and the personal representatives of a deceased co-partner in respect to the dealings of the firm, and the complaint contains a prayer for the appointment of a receiver.

The complaint contains no allegation showing any especial necessity for a receiver, and the appointment was opposed by the defendants, who are the personal representatives of the deceased co-partner of the plaintiff.

The plaintiff presented a claim to the defendants against the estate of their intestate of about $9,000, which they rejected and offered to refer under the statute. The plaintiff did not accept the offer, but commenced this action.

The defendants have not interfered with the plaintiff in closing up the affairs of the co-partnership as surviving partner, and all the books of account and property of the firm are in his possession.

The defendants declare their confidence in the plaintiff and their willingness to allow him to exercise all the rights with which he is clothed by law as surviving partner.

There is no suggestion that the property will be removed, or that it will be endangered in any way. It is in the undisputed possession of the plaintiff with the approbation of all parties interested.

Under these circumstances we can perceive no possible necessity for the appointment of a receiver, and the order should be reversed, with ten dollars costs and disbursements.

BROWN, P. J., and CULLEN, J., concurred.

Order reversed, with ten dollars costs and disbursements.